UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-10362-IT |
| | ) | |
| CRUZ VILLAR | ) | |
| Defendant. | ) | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

TALWANI, D.J.

WHEREAS, on October 3, 2018, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment charging Cruz Villar (the "Defendant") with Distribution of and Possession with intent to Distribute Fentanyl, in violation of 21 841(a)(1) and 18 U.S.C. § 2 (Count One); and Possession with intent to Distribute 40 Grams of More of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), and 18 U.S.C. § 2 (Count Two);

WHEREAS, the Indictment also included a forfeiture allegation pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses;

WHEREAS, the property to be forfeited includes, without limitation the following:

    a.    $1,446.00 in U.S. Currency, seized on June 22, 2018 (the "Currency"); and

    b.    One 2015 Honda Accord, Vehicle Identification Number 1HGCR2FA14106 (the "Vehicle")

(collectively, the "Properties");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. 853(p);

WHEREAS, on June 24, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment;

WHEREAS, on August 26, 2019, this Court issued a Preliminary Order of Forfeiture against the Properties, however, due to a clerical error the Preliminary Order of Forfeiture referenced only the "Currency"; and

WHEREAS, United States requests that this Court enter an amended Preliminary Order of Forfeiture, with respect to the correct naming convention, pursuant to 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture for the Properties and notice of the United States' intent to dispose of the Properties.

6. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture for the Properties, pursuant to 21 U.S.C. § 853(p) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture for the Properties will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

**INDIRA TALWANI**
United States District Judge

Dated: 10/21/2019